## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARIA B. ESCOBAR,
                 Appellant,

        v.

DEPARTMENT OF JUSTICE,
                 Agency.

DOCKET NUMBER
DE-0752-21-0108-X-1
DE-0752-21-0108-C-1

DATE: February 5, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Maria B. Escobar</u>, Tucson, Arizona, pro se.

<u>Debbie Stevens</u>, <u>Marie Clarke</u>, and <u>Ted Booth</u>, Esquire, Washington, D.C.,
    for the agency.

### BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

This case is before the Board pursuant to a May 16, 2024 Board Order, which denied the agency's petition for review of the compliance initial decision that found the agency not in compliance with the Board's March 14, 2022 final decision in the underlying appeal. *Escobar v. Department of Justice*, MSPB Docket No. DE-0752-21-0108-C-1, Order (May 16, 2024); *Escobar v. Department of Justice*, MSPB Docket No. DE-0752-21-0108-C-1, Compliance File (CF), Tab 6, Compliance Initial Decision (CID); *Escobar v. Department of Justice*, MSPB Docket No. DE-0752-21-0108-I-2, Initial Appeal File, Tab 7, Initial Decision (ID). For the reasons set forth below, we now find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENT AND EVIDENCE ON COMPLIANCE**

The appellant filed the instant petition for enforcement alleging that the agency had failed to comply with the Board's March 14, 2022 final decision in the underlying appeal, which reversed the appellant's suspension and ordered the agency to pay the appellant the appropriate amount of back pay, with interest and benefits. ID at 4-5. The appellant asserted that the agency had failed to pay her the appropriate amount of backpay and had not changed her leave status from absent without leave (AWOL) to an approved leave status. CF, Tab 1. The administrative judge granted the petition for enforcement in a November 7, 2022 compliance initial decision, finding that the agency had "failed to submit any relevant, material, and credible evidence . . . to establish that it was in compliance with the final Board order in this matter." CID at 3.

The agency filed a petition for review of the compliance initial decision. *Escobar v. Department of Justice*, MSPB Docket No. DE-0752-21-0108-C-1, Compliance Petition for Review File, Tab 2. On May 16, 2024, the Board denied the petition for review, holding that there was no evidence in the record to demonstrate that the appellant's AWOL had been converted to an approved leave

status between September 28, 2020, and February 14, 2021.  The Board found that a Standard Form (SF) 52 provided by the agency, which requested to change the appellant's leave to "LWOP/OWCP," was insufficient to prove compliance because it was unsigned, the approval date was blank, and the nature of the action requested was vague and did not identify a date range.  Order, ¶ 8.  The Board affirmed the compliance initial decision as modified to clarify that the appellant was not entitled to backpay and benefits during the time that she was receiving wage replacement benefits from the Office of Workers' Compensation Programs (OWCP).  *Id.*, ¶¶ 1, 9-11.  The Board ordered the agency to substitute an approved leave status for the appellant's AWOL between September 28, 2020, and February 14, 2021, remove all references to AWOL from the appellant's personnel file, and submit satisfactory evidence of compliance to the Clerk of the Board within 60 days of the date of the Order.  *Id.* at 7.

On July 9, 2024, the agency submitted its Response to the May 16, 2024 Order.  *Escobar v. Department of Justice*, MSPB Docket No. DE-0752-21-0108-X-1, Compliance Referral File (CRF), Tab 2.  The agency provided signed documentation that on November 17, 2021, the agency had initiated a personnel action to place the appellant in "LWOP/OWCP" for the period beginning September 26, 2020, through September 26, 2022.  *Id.* at 8.  The agency also provided the appellant's electronic official personnel folder (eOPF), which contained no reference to AWOL.  *Id.* at 12-166.

On July 29, 2024, the appellant filed a response to the agency's July 9, 2024 submission.  CRF, Tab 4.

**ANALYSIS**

The agency bears the burden of proving that it has complied with a Board order.  *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 4 (2010).  The agency is required to produce relevant, material, and credible evidence of compliance in the form of documentation or affidavits.  *Spates v. U.S. Postal*

*Service*, 70 M.S.P.R. 438, 443 (1996). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

Here, the agency has submitted a signed SF-52 requesting personnel action "LWOP/OWCP," effective September 26, 2020, and not to exceed September 26, 2022. CRF, Tab 2 at 8. Moreover, as noted above, the agency submitted the appellant's eOPF, which contained no reference to AWOL. *Id.* at 12-166. Thus, the agency has produced detailed, credible evidence that it has complied with the Board's May 16, 2024 Order to convert the appellant's AWOL to an approved leave status and remove all references to AWOL from the appellant's personnel file.

The appellant contends that the agency has not proved that it converted her AWOL to an approved leave status because the signatures are unclear, the nature of the action "LWOP/OWCP" is vague, and "the ending date is not typed, but handwritten in a different ink and handwriting as all other signatures on the page."[2] CRF, Tab 4 at 5-6. However, the agency's evidence shows that it has complied with the Order in that the appellant's eOPF does not contain any mention of AWOL. Moreover, the SF-52 is signed and dated, and the effective dates of the action are present, as the Board ordered. CRF, Tab 2 at 8-166. The appellant has not convincingly demonstrated that the agency is in noncompliance. As a result, we find the agency in compliance.

Accordingly, in light of the agency's evidence, the Board finds the agency in compliance and dismisses the petition for enforcement. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

---

[2] The appellant also appears to contend that she is still entitled to back pay, CRF, Tab 4 at 6; however, the Board previously denied the appellant's request for back pay and held that the appellant is not entitled to back pay and other benefits for the time she was receiving OWCP benefits, from September 21, 2020 to January 2, 2022, CRF, Tab 1 at 6.

**NOTICE OF APPEAL RIGHTS**[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-

appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____

                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.